# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
September 12, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**RONALD SECKMAN,**
**Claimant Below, Petitioner**

**vs.)   No. 11-1631**  (BOR Appeal No. 2045959)
(Claim No. 2008024310)

**ALCAN ROLLED PRODUCTS – RAVENSWOOD, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Ronald Seckman, by John Robert Weaver, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Alcan Rolled Products – Ravenswood, LLC, by H. Toney Stroud, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated November 8, 2011, in which the Board affirmed an April 22, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's March 7, 2008, decision, which held Mr. Seckman's claim compensable on a non-medical basis, but determined that the claim was not subject to the presumption set out in West Virginia Code § 23-4-8c(b) (2009), and that Mr. Seckman's date of last exposure was October 30, 1990. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Seckman worked as a machinist in the cold roll department of the Alcan Rolled Product plant in Ravenswood, West Virginia from January 1, 1981, through January 17, 2007. Mr. Seckman briefly stopped working at the Ravenswood plant from October 31, 1990, through June 29, 1992, because of a labor dispute. On December 20, 2007, Mr. Seckman filed an application for workers' compensation benefits based on being diagnosed with occupational

1

pneumoconiosis by Dr. Ward. Mr. Seckman alleged that he had been exposed to asbestos, smoke from rolling mills, and welding fumes throughout his work at Alcan Rolled Products. On March 7, 2008, the claims administrator held the claim compensable on a non-medical basis. But the claims administrator found that Mr. Seckman's date of last exposure was October 30, 1990, based on the letter of Mike Merrifield, the employer's certified industrial hygienist. The claims administrator also found that Mr. Seckman had not been exposed for ten years during the fifteen years immediately preceding his date of last exposure. On October 21, 2008, the Occupational Pneumoconiosis Board was not able to make a diagnosis of occupational pneumoconiosis. Following the finding by the Occupational Pneumoconiosis Board, Alcan Rolled Products' industrial hygienist, Mr. Merrifield submitted an affidavit to the Office of Judges stating that the relevant areas of the Ravenswood facility had been in compliance with OSHA standards from June 30, 1992, through January 17, 2007, based on representative sampling conducted in the cold roll department where Mr. Seckman had worked. On April 22, 2011, the Office of Judges affirmed the claims administrator's March 7, 2008, decision. The Board of Review, then, affirmed the Order of the Office of Judges on November 8, 2011.

In its Order, the Office of Judges concluded that Mr. Seckman had established that he was exposed to abnormal quantities of dust in the course of and resulting from his employment. The Office of Judges concluded this exposure occurred between January 26, 1981, when he began working at the Ravenswood facility, and October 30, 1990, when he stopped working due to the labor dispute. The Office of Judges concluded that, thereafter, Mr. Seckman, was no longer exposed to hazardous levels of dust and fibers. The Office of Judges found that the testimony of Mr. Seckman and the diagnosis of Dr. Ward were sufficient to demonstrate that he had been exposed to harmful levels of dust and particulate matter. But the Office of Judges also relied on the opinion of Mr. Merrifield. The Office of Judges found that the sampling conducted by Mr. Merrifield demonstrates that the airborne amount of dust and total fibers were all below the permissible limits or threshold limit values set by either OSHA or the American Conference of Governmental Industrial Hygienist. The Office of Judges found that Mr. Seckman was not exposed to hazardous amounts of dust after June 30, 1992. Based on this determination, the Office of Judges found that Mr. Seckman had not been sufficiently exposed to the hazards of dust inhalation to presume that he is suffering from occupational pneumoconiosis under West Virginia Code § 23-4-8c(b). The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the conclusion of the Board of Review and the findings of the Office of Judges. Although Mr. Seckman presented evidence that he had been exposed to the hazards of occupational pneumoconiosis, his evidence has been successfully contradicted by the sampling and testing of Mr. Merrifield who demonstrated that Mr. Seckman was not exposed to harmful levels of dust and particulate matter after October 30, 1990. The Office of Judges made this finding based on a preponderance of the evidence and did not commit any reversible error. Based on this finding, the Office of Judges was correct to hold that Mr. Seckman was not entitled to the presumption that he suffered from occupational pneumoconiosis under West Virginia Code § 23-4-8c(b), because the period of January 26, 1981, to October 30, 1990, is an insufficient length of time under the statute.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   September 12, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Allen H. Loughry II

**DISSENTING:**
Justice Margaret L. Workman
Justice Menis E. Ketchum